# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LISA FEDELE,                        )
                                    )
            Plaintiff,              )
                                    )
     v.                             )    1:24cv506
                                    )
WEST SHORE HOME, LLC,               )
                                    )
            Defendant.              )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on "Defendant West Shore Home, LLC's Motion to Join Co-Plaintiff" (Docket Entry 16 at 1 (bold and all-cap font and underscoring omitted))[1] (the "Rule 20 Motion"). For the reasons that follow, the Court will deny without prejudice the Rule 20 Motion.

## BACKGROUND

Through the Rule 20 Motion, West Shore Home, LLC (the "Defendant") requests "an order permitting it to join State Farm Fire and Casualty Company ([at times, ]'State Farm') as a plaintiff pursuant to Rule 20 of the Federal Rules of Civil Procedure" (the "Rules"). (Id.) According to the Rule 20 Motion:

State Farm serves as the homeowner's insurance carrier for Lisa Fedele (the "Plaintiff"). (See id.) Due to damage that Defendant allegedly caused Plaintiff, "State Farm has paid Plaintiff several hundred thousand dollars and is pursuing a

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

subrogation lien against [Defendant]," which lien "necessarily involves the same facts and liability issues as Plaintiff's suit against [Defendant] and will require a judge and jury to make the same findings of fact and legal determinations," rendering State Farm "a proper party to this action." (Id.) "Moreover, this Court's jurisdiction is pursuant to diversity (D[ocket ]E[ntry] 1), and thus, North Carolina substantive law controls." (Id. at 2.) Under North Carolina law, "a property insurance carrier who has paid a portion of its insured's damages is a proper party to an action brought by the insured against the tortfeasor." (Id.) Further, "Plaintiff does not object to" (id. at 1) Defendant's request to join State Farm as a plaintiff pursuant to Rule 20(a)(1) (see id. at 1-2). Thus, Defendant asks the Court to "issue an Order joining State Farm Fire and Casualty Company as Co-Plaintiff to the current action." (Id. at 2.)

Notably, the Rule 20 Motion does not reflect State Farm's position on Defendant's request. (See id. at 1-2.) It also does not indicate that Defendant served the Rule 20 Motion on State Farm or otherwise alerted State Farm to its joinder request. (See id. at 1-4.)[2] Additionally, despite acknowledging that the Court's

---

2 Indeed, the proposed order that Defendant submitted in conjunction with the Rule 20 Motion suggests that Defendant has not alerted State Farm to its motion, notwithstanding that Defendant seeks an order directing that "[Plaintiff's] allegations against Defendant are adopted by State Farm as if pled by State Farm" (Docket Entry 16-1 at 2). (See id. ("Defendant shall provide a copy of [the Rule 20] Motion, this Order and Plaintiff's Amended

2

jurisdiction relies on diversity, the Rule 20 Motion fails to specify State Farm's citizenship. (See id.)

## DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (internal quotation marks omitted). Thus, the Court possesses "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will 'raise a lack of subject-matter jurisdiction on its own motion.'"); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("[T]he absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Determining the question of subject matter jurisdiction at the

---

Complaint to State Farm within ten (10) days of the entry of this Order. Should State Farm wish to Amend the Complaint, State Farm should file its Amended Complaint within thirty (30) days of when it receives this Order." (parenthetical numbering omitted)); see also id. ("Should the Court learn that State Farm Fire and Casualty Company is not the correct State Farm entity and that a different insurance company is [Plaintiff's] homeowner's carrier, then the Court will revisit this Order[.]").)

3

outset of the litigation is often the most efficient procedure." (citation omitted)). Importantly, no presumption of jurisdiction applies, see Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999); instead, federal courts must determine if a valid jurisdictional basis exists and "dismiss the action if no such ground appears," Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As relevant here, "[f]ederal law permits federal courts to resolve certain nonfederal controversies between 'citizens' of different States." Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 379 (2016); see also 28 U.S.C. § 1332 (authorizing diversity jurisdiction). "This rule is easy enough to apply to humans, but can become metaphysical when applied to legal entities." Americold, 577 U.S. at 379. In short: "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members." Id.; see also 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[] . . . ."). This principle applies to limited partnerships. See, e.g., Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 457 (1900) (refusing to treat limited partnership as

4

"corporation" for jurisdictional purposes, explaining that, to establish federal diversity jurisdiction, "it was necessary to set out the citizenship of the individual members of the partnership association of Jones & Laughlins, Limited, which brought this suit").

Defendant removed this lawsuit from state court on the grounds that "[c]omplete diversity exists between Plaintiff and Defendant[]." (Docket Entry 1 at 3.) According to Defendant's notice of removal, Plaintiff qualifies as a citizen of North Carolina. (See id. at 2.) As for its own citizenship, Defendant states:

> [Defendant] is a limited liability company, and thus [it]s citizenship for purposes of diversity is determined by the citizenship of its members. [Defendant] is a member-managed Pennsylvania limited liability company and has a principal place of business in Pennsylvania. The sole member of [Defendant] is West Shore Home Holdings, LLC a Delaware limited liability company. The members of West Shore Home Holdings, LLC are WWW Holdings, Inc. a Pennsylvania corporation, and Jade WS Aggregator LP a Delaware limited partnership.

(Id. (citation omitted); accord Docket Entry 3 at 2 (providing same information in Defendant's corporate disclosure statement, notwithstanding this Court's Local Rule that requires disclosure of the identity of "all parties in [any] partnerships, general or limited, or owners or members of non-publicly traded entities," M.D.N.C. LR 7.7(a)(2)).) Defendant provides no further details regarding either the membership of Jade WS Aggregator LP or the basis for the identification of WWW Holdings, Inc. as "a

5

Pennsylvania corporation" (Docket Entry 1 at 2) (i.e., whether Pennsylvania serves as the state of incorporation, the principal place of business, or both, and, if not both, what other state does). (See id.; see also Docket Entry 3 at 2.)

On the current record, Defendant has yet to establish the existence of complete diversity among the parties. See Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (explaining that party asserting federal jurisdiction bears burden of "show[ing] that jurisdiction does, in fact, exist" (internal quotation marks omitted)); see also Americold, 577 U.S. at 379 (specifying that "corporations can assert their own citizenship, [but] other entities take the citizenship of their members"); 28 U.S.C. § 1332(c)(1) (specifying citizenship rules for corporations). The Court will therefore direct Defendant to provide the necessary information for assessing the existence of complete diversity among the parties.

Because the record lacks sufficient information to establish the existence of subject-matter jurisdiction, the Court cannot rule on the substance of the Rule 20 Motion at this time. See, e.g., Nidy v. U.S. Bancorp Gov't Leasing & Fin., Inc., Nos. 19-1759, 20-2163, 20-2171, 20-2172, 2022 WL 2128837, at *1 (4th Cir. June 14, 2022) ("[T]he complaint does not allege either the citizenship of the parties or the amount in controversy, nor was counsel able to identify any other information in the [relevant] complaint or

6

record that could satisfy the requirements for diversity jurisdiction. Without such information, the district court could proceed no further." (citation omitted)). The Court notes, however, that "Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit," Moore v. Cooper, 127 F.R.D. 422, 422 (D.D.C. 1989). See id. (denying the defendant's Rule 20(a) request to add insurer who paid the plaintiff's claims as party plaintiff, explaining that, "[a]lthough [the insurer] has an interest in this litigation, [the d]efendant does not contend that [the insurer] is either indispensable or necessary for the resolution of this matter within [Rule] 19," and, "[a]ccordingly, [the d]efendant cannot rely upon Rule 20(a) to obtain a court order to compel the presence of [the insurer] as a plaintiff in this matter" (citation omitted)).

If Defendant seeks to renew its joinder request after establishing the existence of complete diversity, it needs to establish the propriety of its requested relief under Rule 20, including a showing that the requested joinder of State Farm would not deprive this Court of subject-matter jurisdiction. Defendant must also include in any such motion State Farm's position on said request, see id. ("Although [the insurer] itself may seek to enter this litigation, [the insurer] is in a better position than [the d]efendant to determine its own interests."), and must certify service of the motion on State Farm.

7

## CONCLUSION

The record provides insufficient information regarding the parties' citizenship to assess the existence of federal diversity jurisdiction.

**IT IS THEREFORE ORDERED** that, on or before, January 10, 2025, Defendant shall file a notice setting forth the information required to assess its citizenship, including (i) the state(s) of incorporation and principal place of business of WWW Holdings, Inc. and (ii) the identity and citizenship of all members of Jade WS Aggregator LP.

**IT IS FURTHER ORDERED** that the Rule 20 Motion (Docket Entry 16) is **DENIED WITHOUT PREJUDICE** to refiling after Defendant establishes the existence of federal jurisdiction for this matter. Any such renewed motion must (i) include State Farm's position on the joinder request, (ii) certify service of said motion on State Farm, and (iii) identify State Farm's citizenship.

This 20th day of December, 2024.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**